UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| NATIVE AMERICAN COUNCIL OF TRIBES; BLAINE BRINGS PLENTY; SHAWN GARRNETT; NEPHI ANTELOPE; BRIAN DUBRAY; CLAYTON CREEK; and DAVID DELORIA, | ) ) ) ) ) ) ) ) ) | Civ. 09-4182-KES |
| Plaintiffs, | ) ) | ORDER |
| vs. | ) ) | |
| DOUGLAS WEBER, Warden of South Dakota State Prison; TIMOTHY REISCH, Secretary of the Department of Corrections; MARTY JACKLEY; Attorney General; and JULIE KALLA, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiffs, Native American Council of Tribes (NACT), Blaine Brings

Plenty, Shawn Garrnett, Nephi Antelope, Brian Dubray, Clayton Creek, and

David Deloria, brought this action to challenge the decision of defendants to

remove tobacco from American Indian ceremonies in the South Dakota State

Penitentiary. In their amended complaint, captioned "Plaintiffs' Amended

Application under Rule 18(a) of Fed. R. Civ. P," plaintiffs allege that defendants

harassed plaintiffs' religious objects, violated their first and fourteenth

amendment rights, engaged in cruel and unusual punishment, violated their

due process and equal protection rights, and unreasonably interfered with their

exercise of religion.  Plaintiffs request return of tobacco to their religious ceremonies pursuant to the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc et seq.  Pending before the court are numerous motions and submissions filed by plaintiffs and defendants' motion to dismiss NACT as a plaintiff.

## I.	Plaintiffs' Motions and Submissions

Plaintiffs filed a number of motions and submissions pro se.  Although plaintiffs are now represented by counsel, the court will liberally construe their pro se filings.  See Smith v. St. Bernards Reg'l Med. Center, 19 F.3d 1254, 1255 (8th Cir. 1994) (stating that pro se complaint must be construed liberally).

### A.	Plaintiffs' Amended Application under Rule 18(a) of Fed. R. Civ. P. (Docket 21)

In Docket 21, plaintiffs argue that NACT's motion for summary judgment and an immediate and permanent preliminary injunction should be granted and that defendants' motion to dismiss should be denied.  Plaintiffs' Amended Application under Rule 18(a) of Fed. R. Civ. P gives defendants notice of plaintiffs claims but does not include a brief containing the specific points or propositions of law set out with the authorities in support thereof for entry of an injunction against defendants or entry of judgment in favor of plaintiffs.  A brief is required with every motion by D.S.D. Civ. LR 7.2A.  Thus, to the extent plaintiffs' Amended Application under Rule 18(a) of Fed. R. Civ. P  includes

motions for a preliminary or permanent injunction and/or for summary

judgment, these motions are denied without prejudice.

**B.    Et al., Plaintiffs' Motion in Support of Complaint under 42 U.S.C. § 2000cc-1(a)(1)-(2) for State Violation of the Right to Free Exercise of Religion (Docket 12)**

In Docket 12, plaintiffs move to "restore all traditional ceremonies

embodied in 'tobacco' back to the Native American Council of Tribes."  Et al.,

Plaintiff's Motion in Support of Complaint under 42 U.S.C. § 2000cc-1(a)(1)-(2)

for State Violation of the Right to Free Exercise of Religion, Docket 12 at 4.

Plaintiffs did not file a certificate of service in conjunction with this motion.

Defendants have not filed a response.

Under the Federal Rules of Civil Procedure, every written motion, except

one that may be heard ex parte, must be served on every party.  Fed. R. Civ. P.

5(a)(1)(D).  Further, any motion that is required to be served must be filed with

a certificate of service within a reasonable time after service.  Fed. R. Civ. P.

5(d)(1).  The local rules provide that the certificate of service must reflect "how

service was effectuated on all parties."  D.S.D. Civ. LR 5.1B3.  Here, Et al.,

Plaintiffs' Motion in Support of Complaint under 42 U.S.C. § 2000cc-1(a)(1)-(2)

for State Violation of the Right to Free Exercise of Religion is not a motion that

may be heard ex parte, so plaintiffs were required to serve this motion on

defendants and to file a certificate of service stating how service was

effectuated.  Plaintiffs did not file a certificate of service relating to this motion,

and there is no indication that defendants were served.  Because plaintiffs

failed to comply with Rule 5(d)(1) and Local Rule 5.1B3 with respect to Et al.,
Plaintiffs' Motion in Support of Complaint under 42 U.S.C. § 2000cc-1(a)(1)-(2)
for State Violation of the Right to Free Exercise of Religion, this motion is
denied without prejudice.

**C.  Plaintiffs' Motion under 25 U.S.C. § 175 for General Principle to Be Applied (163 U.S. 376) (Docket 28)**

In Docket 28, plaintiffs move the court to direct that the "general
principle" that the United States is the legal trustee of many American Indians
and American Indian tribes be applied to plaintiffs in this case.  Plaintiffs did
not file a certificate of service in conjunction with this motion.  Defendants
have not filed a response.  As noted, under Rule 5(d)(1) and Local Rule 5.1B3,
plaintiffs were required to file a certificate of service stating how service of this
motion was effectuated on defendants.  Fed. R. Civ. P. 5(d)(1); D.S.D. Civ. LR
5.1B3.  Because plaintiffs failed to comply with these rules, Plaintiffs' Motion
under 25 U.S.C. § 175 for General Principle to Be Applied (163 U.S. 376)  is
denied without prejudice.

**D.  Plaintiffs' Statement for Unconstitutional Conduct by State Officers' . . . 12 L. Ed. 2d 1110 (Docket 23)**

In Docket 23, plaintiffs move to bar defendants from filing a counterclaim
and request that defendants be denied summary judgment pursuant to Rule
56(c).  Plaintiffs also state that NACT's motion for summary judgment and
preliminary injunction should be granted.  Defendants argue that there is no
legal basis for denying defendants the opportunity to file a counterclaim and

that to the extent plaintiffs' motion can be construed as a motion for summary judgment, the motion should be dismissed for failure to comply with the requirements for summary judgment under the federal rules.[1]

The court finds that plaintiffs have provided no legal or factual basis for relief under Plaintiffs' Statement for Unconstitutional Conduct by State Officers' . . . 12 L. Ed. 2d 1110. With respect to plaintiffs' request that the court bar defendants from asserting any counterclaims, defendants have not attempted to assert any counterclaims, so this request is moot. Moreover, plaintiffs have cited no federal rule, and the court is unaware of any rule, that would permit the court to bar defendants from asserting a counterclaim that complies with all applicable deadlines and the pleading requirements of Rule 8. With respect to plaintiffs' request that defendants' motion for summary judgment be denied, defendants have not filed a motion for summary judgment in this case, so plaintiffs' request is premature.

Finally, to the extent plaintiffs intend this submission be a motion for summary judgment, the court finds that plaintiffs have not shown that they are entitled to judgment as a matter of law, as is required by the Federal Rules of Civil Procedure. Rule 56(c) provides that summary judgment "should be

---

[1] Plaintiffs did not file a certificate of service in conjunction with Docket 23, but defendants filed an opposition to the motion. Despite plaintiffs' failure to comply with Rule 5(d)(1) and Local Rule 5.1B3 with respect to Docket 23 as well as all of their other motions, the court will consider the motions that defendants responded to because it is clear that defendants were served with these motions.

rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the case under the governing substantive law will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not appropriate if a dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

The moving party bears the burden of bringing forward sufficient evidence to establish that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The nonmoving party is entitled to the benefit of all reasonable inferences to be drawn from the underlying facts in the record. Vette Co. v. Aetna Cas. & Sur. Co., 612 F.2d 1076, 1077 (8th Cir. 1980). The nonmoving party may not, however, merely rest upon allegations or denials in its pleadings, but must set forth specific facts by affidavits or otherwise showing that a genuine issue exists. Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002).

Here, the parties have not begun discovery, and plaintiffs have not provided any evidence to show that they are entitled to judgment as a matter of law. Because plaintiffs have not met their burden of bringing forward sufficient

evidence to show that there are no genuine issues of material fact and that plaintiffs are entitled to judgment as a matter of law on their claims, plaintiffs' motion for summary judgment is denied. Overall, the court finds that plaintiffs are not entitled to any of the relief requested in Plaintiffs' Statement for Unconstitutional Conduct by State Officers' . . . 12 L. Ed. 2d 1110, so this motion is denied.

### E.    Plaintiffs' Motion Requesting a Protective Order (Docket 31)

In Docket 31, plaintiffs move for a protective order pursuant to Rule 26(c) "because the Defendants[] are oppressing and applying undue burdens on an isolated basis." Plaintiffs' Motion Requesting a Protective Order, Docket 31 at 1. Defendants argue that plaintiffs' motion for a protective order is premature and legally and factually deficient.

Rule 26 governs discovery. "Discovery" refers to the disclosure of information that relates to the litigation. Black's Law Dictionary, (8th ed. 2004). "The primary discovery devices are interrogatories, depositions, requests for admissions, and requests for production." Id. "Rule 26(c) empowers the court to make a wide variety of orders for the protection of parties and witnesses in the discovery process." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2035 (3d ed.). Rule 26(c) provides that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion

7

must include a certification that the movant has in good faith
conferred or attempted to confer with other affected parties in an
effort to resolve the dispute without court action.  The court may,
for good cause, issue an order to protect a party or person from
annoyance, embarrassment, oppression, or undue burden or
expense.

Fed. R. Civ. P. 26(c)(1).  Here, the parties have not begun the discovery process,

so there is no basis for a protective order under Rule 26(c).

Plaintiffs' motion is more properly labeled as a request for an injunction

to prevent defendants from burdening plaintiffs' constitutional rights.  In

considering whether to grant a motion for a preliminary injunction, the court

must consider "(1) the likelihood of success on the merits; (2) the presence or

risk of irreparable harm; (3) the balancing of the harms of granting or denying

an injunction; and (4) the public's interest."  CDI Energy Servs. v. West River

Pumps, Inc., 567 F.3d 398, 401-02 (8th Cir. 2009) (citing Dataphase Systems,

Inc. v. C L Systems, Inc., 640 F.2d 109, 114 (8th Cir. 1981)).  "The party

seeking injunctive relief bears the burden of proving these factors."  Id. at 402.

Here, plaintiffs have not provided the court with information about the

likelihood of the success of their claim on the merits, the presence of

irreparable harm to plaintiffs, the harms of granting an injunction, or the

public's interest in such an injunction.  Plaintiffs submitted general

information about the use of pipes and tobacco among the Plains Indians, but

this information is not sufficient to establish any of the elements of injunctive

relief.  Further, because plaintiffs did not label their motion as a request for a

preliminary injunction, defendants have not had an opportunity to argue

8

against or to indicate any harms that might result from an injunction. Thus, even if plaintiffs' motion for a protective order is construed as a motion for a preliminary injunction, plaintiffs have not shown that they are entitled to relief at this stage of the case. Plaintiffs' Motion Requesting a Protective Order is denied.

### F. Plaintiffs' Motion to Enforce Request Seeking Injunction and Permanent Restoration (Docket 32)

In Docket 32, plaintiffs move for a preliminary injunction and "permanent restoration" (presumably of the use of tobacco in religious ceremonies in prison). Plaintiffs' Motion to Enforce Request Seeking Injunction and Permanent Restoration, Docket 32 at 1. Plaintiffs argue that under Supreme Court precedent, the United Nations Special Rapporteur's report, and the American Indian Religious Freedom Act,[2] they are entitled to free exercise of religion in prison. Plaintiffs also argue that defendants violated their due process rights by failing to provide notice of their decision (presumably to prohibit the use of tobacco in religious ceremonies). Defendants argue that

---

[2] The American Indian Religious Freedom Act (AIRFA) provides, "[o]n and after August 11, 1978, it shall be the policy of the U.S. to protect and preserve for American Indians their inherent right of freedom to believe, express, and exercise the traditional religions of the American Indian, Eskimo, Aleut, and Native Hawaiians, including but not limited to access to sites, use and possession of sacred objects, and the freedom to worship through ceremonial and traditional rites." Pub. L. No. 95-341, 92 Stat. 469-70 (1978). AIRFA does not create a cause of action or any judicially enforceable individual rights. Lyng v. Nw. Indian Cemetery Protective Ass'n, 485 U.S. 439, 455 (1988).

plaintiffs have not provided a legal or factual basis for an injunction against defendants.

As noted, as the party seeking an injunction, plaintiffs must show that the four factors for a preliminary injunction—(1) the likelihood of success on the merits; (2) the presence or risk of irreparable harm; (3) the balancing of the harms of granting or denying an injunction; and (4) the public's interest—weigh in favor of the requested injunction. See CDI Energy Servs., 567 F.3d at 401-02. Plaintiffs have not provided the court with sufficient information about these factors to justify injunctive relief. Plaintiffs have set out the general proposition that American Indian prisoners are entitled to certain protections of their right to free exercise of religion, but they have not shown that defendants have violated those protections in this case. Plaintiffs also submitted a summary of the seven sacred rites, but did not link this information to their own religious beliefs or the factors for injunctive relief. In the absence of any analysis of the four factors, plaintiffs have not shown that they are entitled to an injunction at this stage of the case. Moreover, as defendants argue, plaintiffs have not set out the injunctive relief they request with sufficient clarity for the court to determine whether the proposed injunction is justified under these facts. Plaintiffs may file a more specific request for injunctive relief with analysis of the four factors at a later stage of the case, but plaintiffs' motion for injunctive relief is denied in its current form.

### G. Plaintiffs' Joinder of Claims under Rule 18 of Fed. Rules Civ. Procedure for Counterclaim of a Criminal Complaint under 18 U.S.C. Section 241 (Docket 43)

In Docket 43, plaintiffs state that they allege a counterclaim for writ of mandamus and preliminary injunction and return of ceremonial tobacco. Plaintiffs cite 18 U.S.C. § 241 for the proposition that if two or more persons conspire to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the constitution or the laws of the United States, those persons are subject to a fine or imprisonment. Plaintiffs also state that NACT's motion for summary judgment, writ of mandamus, and preliminary injunction must be granted. Defendants argue that plaintiffs did not clarify the relief they are seeking and that plaintiffs' requests to amend their pleadings to add claims under 18 U.S.C. § 241, for appointment of counsel, and for a preliminary injunction must be denied.

The court construes Plaintiffs' Joinder of Claims under Rule 18 of Fed. Rules Civ. Procedure for Counterclaim of a Criminal Complaint under 18 U.S.C. Section 241 as a motion to amend plaintiffs' pleadings to add a claim based on 18 U.S.C. § 241. Section 241 provides that

> [i]f two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same . . . [t]hey shall be fined . . . or imprisoned not more than ten years, or both.

18 U.S.C. § 241. Section 241 is a criminal statute; it does not provide a private right of action. <u>Mousseaux v. United States Comm'r of Indian Affairs</u>, 806 F. Supp. 1433, 1437 (D.S.D. 1992). "[P]rivate individuals do not have the power to bring charges for violation of [this] statute[]." <u>Id.</u> "Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242." <u>Cok v. Cosentino</u>, 876 F.2d 1, 2 (1st Cir. 1989). Thus, plaintiffs cannot bring a claim against defendants based on a violation of § 241. As a result, plaintiffs' motion to amend their complaint is denied. <u>See</u> <u>Becker v. Univ. of Neb.</u>, 191 F.3d 904, 908 (8th Cir. 1999) (stating that a motion to amend should be denied if new claim is clearly frivolous). Moreover, to the extent Plaintiffs' Joinder of Claims under Rule 18 of Fed. Rules Civ. Procedure for Counterclaim of a Criminal Complaint under 18 U.S.C. Section 241 sets out a request for summary judgment or injunctive relief, the court finds that plaintiffs have not established a legal or factual basis for these requests for the reasons set out in Sections I.D and I.E of this order. Plaintiffs' motion is denied.

### H. Motion . . . . to Dismiss Defendants' Use of State Statutes and Regulations and for Lack of Jurisdiction (Docket 50)

In Docket 50, plaintiffs move to "dismiss the defendants' use of their state statutes and regulations and their lack of jurisdiction." Motion . . . . to Dismiss Defendants' Use of State Statutes and Regulations and for Lack of Jurisdiction, Docket 50 at 1. Plaintiffs argue that the state of South Dakota relinquished jurisdiction over Indian matters within the state boundary and that Eleventh Amendment sovereign immunity only applies to states and not to

12

persons. Plaintiffs assert that the "court need not address the meritless actions taken by the defendants' [because] [t]he state of South Dakota—state penitentiary administration and successors are deemed preempted by operation of federal law." Id. at 4. Defendants argue that the fact that the individual plaintiffs in this case are American Indians does not preclude defendants from asserting any of their affirmative defenses to plaintiffs' claims.

Plaintiffs' argument that defendants' affirmative defenses of sovereign immunity and qualified immunity should be dismissed is unavailing. Plaintiffs have cited no federal rule that would allow the court to entertain a motion to dismiss defendants' affirmative defenses on their merits at this stage of the case. Plaintiffs may make their arguments against defendants' defenses in opposition to a motion to dismiss or a motion for summary judgment on these grounds, but at this stage, plaintiffs' suggestion that defendants' defenses are without merit is premature. Moreover, without addressing the merits of defendants' sovereign immunity and qualified immunity defenses, the court notes that these affirmative defenses have been recognized as valid defenses in RLUIPA cases. See Van Wyhe v. Reisch, 581 F.3d 639, 652-65 (8th Cir. 2009) (holding that claim for monetary damages under RLUIPA is barred by Eleventh Amendment sovereign immunity); Ahmad v. Furlong, 435 F.3d 1196, 1200-01 (10th Cir. 2006) (holding that district court must consider qualified immunity defense to RLUIPA claim even where defense was not clearly pleaded in defendants' answer). Plaintiffs have provided no authority for their argument

that defendants are barred from raising these affirmative defenses in a RLUIPA case just because the individual plaintiffs are American Indian.  See Lathan v. Thompson, 251 Fed. Appx. 665, 666-67 (11th Cir. 2007) (finding that defendants were entitled to qualified immunity on Native American inmates' claims for monetary relief under RLUIPA); cf. Runningbird v. Weber, 198 Fed. Appx. 576, 577-78 (8th Cir. 2006) (finding that defendants were entitled to qualified immunity on First Amendment free exercise claims of Native American inmate).  As a result, plaintiffs' motion to dismiss defendants' defenses is denied.

I.     **Plaintiffs' Support Application Made by Section 25 of the Act of April 29, 1868, Great Sioux Reservations–Indian Country (Docket 52)**

In Docket 52, plaintiffs argue that "the State Courts of South Dakota are without jurisdiction to find or to try the indictments against the American Indian prisoners; that these convictions and sentences by the State Courts are void, and that such imprisonments of American Indians are illegal."  Plaintiffs' Support Application Made by Section 25 of the Act of April 29, 1868, Great Sioux Reservations–Indian Country, Docket 52 at 4.  Defendants oppose plaintiffs' application on the ground that RLUIPA does not provide a basis for state prisoners to attack the validity of their confinement.

Plaintiffs brought this case to challenge the ***conditions*** of their confinement, specifically, defendants' restriction of their right to free exercise of religion.  This challenge can be brought under RLUIPA.  In their support

application, however, plaintiffs seek to challenge the **legality** of their confinement. This challenge cannot be brought under RLUIPA. The Supreme Court has held that the federal habeas corpus statute, 28 U.S.C. § 2254, is the exclusive remedy for a state prisoner seeking to attack the validity of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 489, 500 (1973). That is, "when a state prisoner is challenging the very fact of or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500. Here, none of the individual plaintiffs have brought a claim under 28 U.S.C. § 2254. Thus, plaintiffs cannot challenge the legality of their convictions or the fact of their confinement in this case. As a result, plaintiffs' application under Section 25 of the Act of April 29, 1868, is denied.

> **J.    Remaining Filings**

Plaintiffs also filed Plaintiffs' Statement Regarding Non-Exhaustion of Administrative Remedies (Docket 13), Analysis Statement of Case Regarding American Indian Religious Freedom Act (AIRFA) (Docket 16), Plaintiffs' American Indian Treaty Rights are Cultural Defenses 272 F.2d at 134 Sovereignty (Docket 36), a letter addressed to the Clerk of Court (Docket 54), and a letter addressed to the Chief Deputy Clerk of Court (Docket 59). The court has reviewed these filings and finds that they do not set forth any requests for relief or respond to any motions filed by defendants. Further,

15

plaintiffs did not file a certificate of service in conjunction with these filings, and defendants did not respond to them, so any relief requested therein is denied without prejudice for plaintiffs' failure to comply with Rule 5(d)(1) and Local Rule 5.1B3.

## II.  Defendants' Motion to Dismiss NACT as a Party

Defendants move to dismiss NACT as a party on the ground that NACT, as a corporation, lacks standing to bring a claim under RLUIPA.[3]  Plaintiffs resist defendants' motion, arguing that NACT must be allowed to participate in the present lawsuit to consummate total sovereign immunity.

### A.  Background

Plaintiffs allege that NACT is a not-for-profit 501(c)(3) corporation that was formed within the South Dakota State Penitentiary on October 13, 1992. NACT is governed by a general council, which is made up of the named plaintiffs in this case, all of whom are Great Sioux Nation members.

### B.  Discussion

Plaintiffs, including NACT, allege that defendants violated RLUIPA by prohibiting the use of tobacco in religious ceremonies in prison.  RLUIPA forbids any government from

> impos[ing] a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the

---

[3] In the alternative, defendants move to dismiss NACT as a party unless NACT retains counsel.  After defendants filed their motion, plaintiffs retained counsel.  As a result, defendants' alternative motion is denied as moot.

> government demonstrates that imposition of the burden on that
> person—(1) is in furtherance of a compelling governmental interest;
> and (2) is the least restrictive means of furthering that compelling
> governmental interest.

42 U.S.C. § 2000cc-1(a).  Under RLUIPA, "[t]he term 'religious exercise'
includes any exercise of religion, whether or not compelled by, or central to, a
system of religious belief."  42 U.S.C. § 2000cc-5(7)(A).  RLUIPA provides an
individual cause of action to enforce its provisions: "[a] person may assert a
violation of this chapter as a claim or defense in a judicial proceeding and
obtain appropriate relief against a government."  42 U.S.C. §§ 2000cc-2(a).
"Standing to assert a claim or defense under this section shall be governed by
the general rules of standing under Article III of the Constitution."  42 U.S.C.
§§ 2000cc-2(a).

Standing under Article III consists of three elements: "[f]irst, a party
must have suffered an 'injury in fact,' an actual or imminent concrete and
particularized invasion to a legally protected interest; second, the injury must
be fairly traceable to the challenged action of the defendant; and third, the
injury must be redressable by a favorable decision."  Jewell v. United States,
548 F.3d 1168, 1172 (8th Cir. 2008) (quoting Lujan v. Defenders of Wildlife,
504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)).  " 'Injury in fact'
is an invasion of a legally cognizable right."  Braden v. Wal-Mart Stores, Inc.,
588 F.3d 585, 591 (8th Cir. 2009). "[T]he 'injury in fact' test requires more than
an injury to a cognizable interest.  It requires that the party seeking review be

himself among the injured." Lujan, 504 U.S. at 563 (internal quotation omitted).

As the party invoking federal jurisdiction, NACT has the burden of establishing that it has standing.  See Lujan, 504 U.S. at 561.  "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim."  Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007).  The court must examine the allegations in the complaint "to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted."  Pucket v. Hot Springs Sch. Dist. No. 23-2, 526 F.3d 1151, 1157 (8th Cir. 2008).

Here, NACT (along with the individual plaintiffs) alleges that defendants prohibited the use of tobacco in religious ceremonies in prison and that the use of tobacco is central to American Indian religious ceremonies.  Taking NACT's allegations as true, the court finds that NACT has shown that defendants' actions have invaded the rights of American Indian prisoners under RLUIPA to be free from any substantial burden on their exercise of religion unless such burden is the least restrictive means of furthering a compelling governmental interest.  See 42 U.S.C. § 2000cc-1(a).  Thus, NACT has shown the existence of an actual or imminent concrete invasion to a legally protected interest.  See Jewell, 548 F.3d at 1172.

But injury to a legally cognizable interest in general is not sufficient for a party to have standing. Rather, the party seeking review must be itself "among the injured." Lujan, 504 U.S. at 563. As a corporation, NACT is not among the injured with respect to defendants' alleged violation of rights protected by RLUIPA. RLUIPA forbids the government from imposing a substantial burden on the religious exercise of "a person residing in or confined to an institution" unless the government can show that the burden is the least restrictive means of furthering a compelling governmental interest. 42 U.S.C. § 2000cc-1(a). Although the individuals who make up the general council of NACT are persons residing in or confined to an institution, NACT itself is a legal entity and as a result cannot reside in or be confined to an institution. Because NACT is not covered by RLUIPA's protections, it is not among the injured with respect to the alleged violation of this statute. See McCollum v. California, No. C 04-03339 CRB, 2006 WL 2263912, at *2 (N.D. Cal. Aug. 8, 2006) (finding that volunteer chaplain cannot raise claim under RLUIPA because he was not confined to an institution). Thus, NACT has not suffered an "injury in fact," as is required for Article III standing with respect to the RLUIPA claim and is not "entitled to an adjudication of the particular claim[] asserted." See Pucket, 526 F.3d at 1157.

Plaintiffs argue that NACT must be allowed to participate in the present lawsuit to consummate total sovereign immunity. The doctrine of sovereign immunity grows out of the doctrine of Indian sovereignty and self-governance. Three Affiliated Tribes of Fort Berthold Reservation v. Wold Eng'g, 476 U.S.

877, 890 (1986) (citing <u>Santa Clara Pueblo v. Martinez</u>, 436 U.S. 49 (1978)).

"Indian tribes are 'distinct, independent political communities, retaining their original natural rights' in matters of local self-government." <u>Santa Clara Pueblo</u>, 436 U.S. at 55 (quoting <u>Worcester v. Georgia</u>, 6 U.S. (1 Pet.) 515, 559 (1832)). "Although no longer possessed with the full attributes of sovereignty, they remain a separate people with the power of regulating their internal social relations." <u>Id.</u> (internal quotations omitted). "The common law sovereign immunity possessed by the Tribe is a necessary corollary to Indian sovereignty and self-governance." <u>Three Affiliated Tribes</u>, 476 U.S. at 890. Under the doctrine of sovereign immunity, "an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." <u>Kowa Tribe of Okla. v. Manufacturing Techs.</u>, 523 U.S. 751, 754 (1998).

"[A] tribe's sovereign immunity may extend to tribal agencies." <u>Hagen v. Sissteon-Wahpeton Cmty. Coll.</u>, 205 F.3d 1040, 1043 (8th Cir. 2000). For a tribal agency to have sovereign immunity, the agency must be established by a tribal council pursuant to its powers of self-government and serve as an arm of the tribe. <u>Id.</u> (citing <u>Pink v. Modoc Indian Health Project</u>, 157 F.3d 1185 (9th Cir. 1998)); <u>Dillon v. Yankton Sioux Tribe Housing Auth.</u>, 144 F.3d 581, 583 (8th Cir. 1998); <u>Weeks Constr., Inc. v. Oglala Sioux Housing Auth.</u>, 797 F.2d 668 (8th Cir. 1986) ("As an arm of tribal government, a tribal housing authority possesses attributes of tribal sovereignty.")

The doctrine of tribal sovereign immunity does not give NACT standing to bring a RLUIPA claim in the present case. As an initial matter, NACT has not alleged facts showing that it possesses sovereign immunity. NACT is not a tribal government, and there is no indication that it was established by a tribal council or that it serves as an arm of a tribe. Rather, based on plaintiffs' allegations, NACT was formed in prison by several American Indian inmates. The fact that the members of NACT's general council are tribal members does not render the organization an arm of a tribal government. Thus, NACT does not possess tribal sovereignty.

Moreover, even if NACT did have sovereign immunity by virtue of its status as a tribal agency, the doctrine of sovereign immunity would not give NACT standing to bring a claim as a plaintiff. As noted, the doctrine of sovereign immunity serves as a shield to protect a tribal government from being brought into a lawsuit as a defendant. See Kowa Tribe of Okla., 523 U.S. at 75. This doctrine does not act as a sword to allow a tribal government to bring a lawsuit as a plaintiff. NACT seeks to bring a RLUIPA claim as a plaintiff. There are no claims brought against any tribal governments or NACT. Thus, tribal sovereign immunity is not implicated in this case, and it does not give NACT standing to bring a RLUIPA claim as a plaintiff.

Article III standing "limits the jurisdiction of federal courts to 'those disputes which are appropriately resolved through the judicial process.' " Braden, 588 F.3d at 591 (quoting Lujan, 504 U.S. at 560). Where, as here,

plaintiffs have not satisfied the "irreducible constitutional minimum of standing," the court does not have jurisdiction to hear the claim. See id. Because NACT lacks standing to bring a RLUIPA claim in this case, defendants' motion to dismiss NACT as a plaintiff on this claim is granted. But plaintiffs brought other claims in their amended complaint, and defendants have not suggested that NACT lacks standing with respect to these other claims, so defendants' motion to dismiss NACT as a party altogether is denied.

Based on the foregoing, it is hereby ordered

ORDERED that plaintiffs' requests for an injunction and for summary judgment in their Amended Application under Rule 18(a) of Fed. R. Civ. P (Docket 21) are denied without prejudice.

IT IS FURTHER ORDERED that Et al., Plaintiffs' Motion in Support of Complaint under 42 U.S.C. § 2000cc-1(a)(1)-(2) for State Violation of the Right to Free Exercise of Religion (Docket 12) is denied without prejudice.

IT IS FURTHER ORDERED that Plaintiffs' Motion under 25 U.S.C. § 175 for General Principle to Be Applied (163 U.S. 376) (Docket 28) is denied without prejudice.

IT IS FURTHER ORDERED that the relief requested in Plaintiffs' Statement for Unconstitutional Conduct by State Officers' . . . 12 L. Ed. 2d 1110 (Docket 23) is denied.

IT IS FURTHER ORDERED that Plaintiffs' Motion Requesting a Protective Order (Docket 31) is denied.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Enforce Request Seeking Injunction and Permanent Restoration (Docket 32) is denied.

IT IS FURTHER ORDERED that Plaintiffs' Joinder of Claims under Rule 18 of Fed. Rules Civ. Procedure for Counterclaim of a Criminal Complaint under 18 U.S.C. Section 241 (Docket 43) is denied.

IT IS FURTHER ORDERED that plaintiffs' Motion . . . . to Dismiss Defendants' Use of State Statutes and Regulations and for Lack of Jurisdiction (Docket 50) is denied.

IT IS FURTHER ORDERED that Plaintiffs' Support Application Made by Section 25 of the Act of April 29, 1868, Great Sioux Reservations–Indian Country (Docket 52) is denied.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss Native American Council of Tribes as a Party (Docket 51) is granted in part and denied in part as further set forth herein.

Dated May 18, 2010.

BY THE COURT:


/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE