UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| NATIVE AMERICAN COUNCIL OF TRIBES; BLAINE BRINGS PLENTY; SHAWN GARRNETT; NEPHI ANTELOPE; BRIAN DUBRAY; CLAYTON CREEK; and DAVID DELORIA, | ) ) ) ) ) ) ) ) | Civ. 09-4182-KES |
| Plaintiffs, | ) ) | ORDER |
| vs. | ) ) | |
| DOUGLAS WEBER, Warden of South Dakota State Prison; TIMOTHY REISCH, Secretary of the Department of Corrections; and MARTY JACKLEY; Attorney General, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Mario Gonzales, attorney of record for plaintiffs, moves to withdraw as counsel. The named plaintiffs consist of Native American Council of Tribes and several individuals. Native American Council of Tribes is a South Dakota nonprofit corporation.[1] Defendants do not oppose the motion.

---

[1] According to the website of the South Dakota Secretary of State, Native American Council of Tribes is nonprofit corporation in good standing with the State of South Dakota. *See* South Dakota Secretary of State, http://www.sdsos.gov/busineservices/corporations.shtm, http://apps.sd.gov/applications/ST32Cprs/AllDocuments.aspx?&BID=NS009721&query=Native+American+Council+of+Tribes. According to the corporation's 2010 annual report, plaintiffs Blaine Brings Plenty and Clayton Creek are president and vice president of the nonprofit corporation. The other officers and directors also reside at the South Dakota State Penitentiary.

Generally, parties are able to represent themselves pro se. *See* 28 U.S.C. § 1654. But the Eighth Circuit has held that § 1654 does not apply to corporations. *Carr Enterprises v. United States*, 698 F.2d 952, 953 (8th Cir. 1983) (reasoning that § 1654 "has never been interpreted to allow an individual to appear for a corporation pro se."). This interpretation "reflects the ancient common law tradition" that a corporation can only appear in court with an attorney. *Beaudreault v. ADF, Inc. & ADLA, LLC*, 635 F. Supp. 2d 121, 121 (D.R.I. 2009) (citing *Osborn v. Bank of the United States*, 22 U.S. 738, 830 (1824)). The rule requiring corporations to be represented by an attorney applies to limited liability companies and corporations with one sole shareholder. *See, e.g.*, *Antioch Co. v. Scrapbook Borders, Inc.*, 210 F.R.D. 645, 646-47 n.1 (D. Minn. 2002) ("Even sole shareholders of corporations are prohibited from representing such corporations *pro se*."); *Energy Lighting Mgmt., LLC v. Kinder*, 363 F. Supp. 2d 1331, 1332 (M.D. Fla. 2005) (refusing to allow counsel for a limited liability company to withdraw without substitution); *Int'l Ass'n of Sheet Metal Workers v. AJ Mech.*, No. 99-451, 1999 WL 447459, at *1-2 (D. Or. June 16, 1999) (same). The Eighth Circuit Court of Appeals has not considered whether the rule extends to nonprofit corporations. In an analogous case, the Ninth Circuit Court of Appeals held that an inmate could not represent the interests of The Lifers Club, Inc., a nonprofit corporation the inmate formed in conjunction with five other inmates of the Nevada State Prison. *Taylor v. Knapp*, 871 F.2d 803, 806 (9t

Cir. 1989). The court reasoned that the general rule that a corporation could appear in court only through an attorney applied with equal force to a nonprofit corporation. *Id.*

When a corporation's attorney withdraws, the corporation is technically in default. *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996). Once in default, the corporation is prohibited from proceeding in court. *See, e.g., United States v. Van Stelton*, 988 F.2d 70, 70 (8th Cir. 1993) (refusing to entertain an appeal because "Van Stelton Farms, Ltd., a corporation, is not a party to this appeal because it is not represented by counsel and a corporation cannot appear pro se." (citing *Carr*, 698 F.2d at 953)); *Simitar Entm't Inc. v. Silva Entm't, Inc.*, 44 F. Supp. 2d 986, 991 (D. Minn. 1999) (reasoning that a corporation's motion was not properly before the court because the corporation appeared pro se (citing *Thompson v. Thomas*, 680 F. Supp. 1, 3 (D.D.C. 1987))); *Joe Hand Promotions, Inc. v. George*, No. 08-2431-CM, 2008 WL 4974783, at *1 (D. Kan. Nov. 19, 2008) (striking an answer because the defendant corporation appeared pro se).

Before the court can consider the motion of Gonzalez to withdraw as attorney of record, it will give plaintiffs an opportunity to respond. Therefore, it is

ORDERED that Mario Gonzalez must notify plaintiffs of his request to withdraw. Plaintiffs have until **June 17, 2011**, to notify the court of

substitute counsel, or if they individually wish to proceed pro se and how that will affect plaintiff Native American Council of Tribes.

IT IS FURTHER ORDERED that the deadline for plaintiffs to respond to defendants' motion for summary judgment is extended from May 23, 2011, to **June 30, 2011**.

Dated May 12, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE