UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| NATIVE AMERICAN COUNCIL OF | ) | Civ.  09-4182-KES |
| TRIBES, | ) | |
| BLAINE BRINGS PLENTY, | ) | |
| SHAUN GARNETTE, | ) | |
| NEPHI ANTELOPE, | ) | |
| BRIAN DUBRAY, | ) | |
| CLAYTON CREEK, and | ) | |
| DAVID DELORIA, | ) | ORDER |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DOUGLAS WEBER, Warden of the | ) | |
| South Dakota State Penitentiary, | ) | |
| TIMOTHY REISCH, Secretary of the | ) | |
| Department of Corrections, and | ) | |
| MARTY JACKLEY, Attorney General, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiffs, Native American Council of Tribes, Blaine Brings Plenty,

Shawn Garrnett, Nephi Antelope, Brian Dubray, Clayton Creek, and David

Deloria (collectively NACT), brought suit against defendants, Douglas Weber,

Timothy Reisch, and Marty Jackley (collectively defendants), alleging

violations of the Religious Land Use and Institutionalized Persons Act

(RLUIPA), 42 U.S.C. § 2000cc. NACT seeks injunctive relief. NACT's attorney,

Mario Gonzalez, moves to withdraw without substitution. Plaintiff Clayton

Creek individually moves to allow withdrawal of Gonzalez and for permission

to represent NACT pro se. Defendants do not oppose the motion to allow withdrawal of Gonzalez. Gonzalez's motion is granted and Creek's motion is granted in part and denied in part. Plaintiff, Brings Plenty, moves for an attorney to represent him individually. Brings Plenty's motion is denied.

## DISCUSSION

Under Local Rule of Civil Procedure 83.9C, the court may only grant an attorney's motion to withdraw as counsel without substitution upon a showing of good cause. When determining whether good cause exists for an attorney to withdraw, courts apply the state's professional ethics rules where the federal court is located. *See, e.g.*, *Universal-Polygram Int'l Publ'g, Inc. v. Prairie Broad. Co.*, No. 09-CV-0576, 2009 WL 1955618, at *3 (D. Minn. July 7, 2009) (applying Minnesota Rules of Professional Conduct in analyzing an attorney's motion to withdraw without substitution).

In South Dakota, an attorney may withdraw if there is no material effect on the client, the client insists on taking an action with which the attorney has a fundamental disagreement, the client fails to substantially fulfill an obligation to the attorney, the representation will result in an unreasonable financial burden on the lawyer, the client is using the lawyer's services to engage in illegal behavior, or representation has been rendered unreasonably difficult by the client, or other good cause exists. S.D. Rules of Prof'l Conduct R. 1.16(b)(1)-(7). Before withdrawing, the lawyer must abide by

2

the tribunal's applicable law. *Id.* at 1.16(c). Court approval is often necessary before an attorney may withdraw from representation. *Id.* at 1.16 cmt. 3. Attorneys are advised to be mindful of their obligations to clients and the court under Rule 1.6 (confidentiality rules) and Rule 3.3 (candor toward the tribunal). *Id.*

" 'In addressing motions to withdraw as counsel, district courts have typically considered whether the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel.' " *Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999) (alteration in original) (quoting *Brown v. Nat'l Survival Games, Inc.*, No. 91-CV-221, 1994 WL 660533, at *3 (N.D.N.Y. Nov. 18, 1994)). The prosecution of this lawsuit would be disrupted if Gonzalez withdrew without substitution because NACT is a non-profit corporation.[1]

While individuals are able to represent themselves pro se pursuant to 28 U.S.C. § 1654, this statute does not apply to corporations. *Carr Enters., Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983); *see also Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the

---

[1] In their amended complaint, plaintiffs allege that NACT is a non-profit organization: "Plaintiff Native American Council of Tribes (NACT) is a South Dakota non-for-profit 501(c)(3) corporation that was formed within the South Dakota State Penitentiary, with offices at 2601 S. Minnesota Ave., Ste. 105, Sioux Falls, SD 57105." Docket 71 at ¶ 2. In their answer to the amended complaint, defendants do not dispute that NACT is a non-profit corporation. *See* Docket 42. The court previously acknowledged that NACT is a properly formed corporation under the laws of South Dakota. Docket 91 at 1 n.1.

better part of two centuries . . . that a corporation may appear in federal court only through licensed counsel." (citations omitted)). A corporation is technically in default on the date its counsel is permitted to withdraw unless substitute counsel has entered an appearance. *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996). Once in default, the corporation is prohibited from proceeding in court. *See, e.g., United States v. Van Stelton*, 988 F.2d 70, 70 (8th Cir. 1993) (refusing to entertain an appeal because "a corporation cannot appear pro se." (citing *Carr*, 698 F.2d at 953)); *Simitar Entm't Inc. v. Silva Entm't, Inc.*, 44 F. Supp. 2d 986, 991 (D. Minn. 1999) (reasoning that a corporation's motion was not properly before the court because the corporation appeared pro se (citation omitted)).

Clayton Creek moves to allow Gonzalez to withdraw and asserts that he will represent NACT. The prohibition against corporations appearing pro se equally applies to non-profit corporations. *United We Stand Am., Inc. v. United We Stand, Am. N.Y.*, 128 F.3d 86, 88 (2d Cir. 1997) (reasoning that default was entered against a non-profit organization when its counsel withdrew and the organization failed to substitute new counsel as per the court's order). Even if the non-profit corporation is composed of members who are currently imprisoned and it benefits prisoners, an attorney must still represent the corporation. *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989) (acknowledging that a limited exception exists for a closely held corporation

4

with one sole shareholder). NACT has more than one shareholder and Creek does not allege that he is an attorney. Thus, he may not represent NACT in this matter.

Gonzalez states that plaintiffs contacted him to discuss a settlement, but plaintiffs are now unwilling to settle. Gonzalez further contends that plaintiffs want to continue using commercial tobacco, but Gonzalez "has expressed the concern over the harmful effects of the commercial tobacco" with his clients. Docket 85 at 1-2. It appears that Gonzalez and his clients have a fundamental disagreement on how this action should proceed and, as a result, Gonzalez has generally shown good cause to withdraw.

Even though Gonzalez has shown good cause, since filing his motion to withdraw, he has failed to respond to defendants' summary judgment motion. An attorney should not agree to represent a client unless he will represent the client at all stages of the litigation. In this case, however, it is difficult to ensure that plaintiffs will receive the representation for which they contracted if their attorney is expressly against their position and, thus, NACT should receive an opportunity to secure new counsel. Because NACT is a corporation and will be in default if Gonzalez is allowed to withdraw without substitution, Gonzalez has not shown good cause to withdraw without giving plaintiffs an opportunity to substitute new counsel.

Additionally, plaintiff Blaine Brings Plenty moves for an attorney to represent him individually. A civil litigant has no constitutional or statutory right to a court-appointed attorney. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995) (*abrogated, in part, on other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005)). Determining whether to appoint counsel to represent indigent civil litigants is a matter of the court's discretion. *Id.* In analyzing a motion for appointed counsel, the court must evaluate the legal and factual complexity of the case, whether conflicting testimony is present, and the plaintiff's ability to investigate the facts and present his claim. *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996).

Brings Plenty brought suit against defendants along with NACT, a non-profit corporation, and five other individuals. The facts are not complex in this case and even though the issues presented under RUILA may be complex, Brings Plenty has ample ability through his co-plaintiffs to investigate the facts and present the claims. Moreover, the court is granting NACT another month to find substitute counsel and, if NACT can secure substitute counsel, Brings Plenty's claims will be represented through that attorney. Accordingly, it is

ORDERED that the motion to allow Gonzalez to withdraw (Docket 85) is granted effective August 15, 2011. Plaintiffs have until **August 15, 2011**, to

substitute new counsel. Gonzalez will forward a copy of this order to plaintiffs within five days and file proof of service with the court.

IT IS FURTHER ORDERED that plaintiff Clayton Creek's motion to allow Gonzalez to withdraw and to allow Creek to represent NACT pro se (Docket 92) is granted in part and denied in part.

IT IS FURTHER ORDERED that plaintiff Blaine Brings Plenty's motion to appoint legal counsel to represent him as an individual (Docket 93) is denied.

IT IS FURTHER ORDERED that the time for plaintiffs to respond to defendants' motion for summary judgment (Docket 80) is extended to **September 1, 2011.**

Dated July 18, 2011.

BY THE COURT:


/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE

7