UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| NATIVE AMERICAN COUNCIL OF TRIBES, BLAINE BRINGS PLENTY, SHAUN GARNETTE, NEPHI ANTELOPE, BRIAN DUBRAY, CLAYTON CREEK, and DAVID DELORIA, | ) ) ) ) ) ) ) ) ) | Civ.  09-4182-KES |
| Plaintiffs, | ) ) | ORDER |
| vs. | ) ) | |
| DOUGLAS WEBER, Warden of the South Dakota State Penitentiary, TIMOTHY REISCH, Secretary of the Department of Corrections, and MARTY JACKLEY, Attorney General, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff Clayton Creek moves to consolidate a hearing on this case with a trial on the merits and to appoint counsel for plaintiff Native American Council of Tribes (NACT). Docket 100. Clayton Creek also moves to transfer from his current institutional facility to the South Dakota State Penitentiary (Penitentiary). Docket 97. Defendants, Douglas Weber, Timothy Reisch, and Marty Jackley (collectively defendants), resist. Defendants move to dismiss certain plaintiffs from this case. Docket 103. Plaintiffs do not resist defendants' motion. Plaintiff Clayton Creek's motions to consolidate, appoint

an attorney, and transfer are denied. Defendants' motion to dismiss certain plaintiffs is granted.

## BACKGROUND

Plaintiffs brought suit against defendants after defendants implemented a policy in October of 2009 to remove tobacco from a tobacco/botanical mixture used by plaintiffs in their Native American religious ceremonies. Plaintiffs allege violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, the First Amendment, the Fourteenth Amendment, the American Indian Religious Freedom Act, 42 U.S.C. § 1996, and various violations of international law. Plaintiffs seek injunctive relief to prohibit defendants from continuing to implement the October 2009 policy.

Plaintiffs were represented by counsel until their attorney moved to withdraw without substitution. Docket 85. After allowing plaintiffs an opportunity to secure substitute counsel, the court granted the motion to withdraw. Docket 95. Plaintiffs are now unrepresented. Clayton Creek appears to have taken a leadership role in representing plaintiffs' interest in this action because he is the only plaintiff who responded to defendants' summary judgment motion. Docket 102.

Clayton Creek is currently incarcerated at the Mike Durfee State Prison in South Dakota. Plaintiffs Blaine Brings Plenty and Brian Dubray are

incarcerated at the Penitentiary. Plaintiff Shaun Garnette is now incarcerated at a facility in Indiana. Plaintiffs Nephi Antelope and David Deloria have been discharged from the Penitentiary.

## DISCUSSION

### I. Clayton Creek's Motion to Consolidate

Clayton Creek moves under Rule 65(a)(2) for a hearing and to consolidate that hearing with the trial on the merits. The court can consolidate a hearing on a preliminary injunction motion with a trial on the merits. Fed. R. Civ. P. 65(a)(2). There currently is no pending preliminary injunction motion. The court further finds that no hearing is necessary at this time. Thus, Clayton Creek's motion to consolidate and for a hearing is denied.

### II. Clayton Creek's Motion to Appoint Counsel

Clayton Creek also moves this court to appoint counsel for NACT. In an order dated July 18, 2011, the court allowed NACT's counsel to withdraw without substitution and gave NACT until August 15, 2011, to secure substitute counsel. Docket 95. NACT did not secure new counsel and was technically in default on August 15, 2011. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996) (reasoning that a corporation is technically in default on the date its counsel is permitted to withdraw unless substitute counsel has entered an appearance).

A civil litigant has no constitutional or statutory right to a court-appointed attorney. *Rayes v. Johnson*, 969 F.2d 700, 702 (8th Cir. 1992) (citing *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985)). The court has the discretion to appoint counsel to represent indigent civil litigants. *Id.* (citing *Wiggins*, 753 F.2d at 668). Because there are other individual plaintiffs who are still viable parties to this action, and these plaintiffs can represent their own interests and the interests of other Native American inmates who may be impacted by the ultimate outcome of this case, Clayton Creek's motion to appoint an attorney for NACT is denied.

### III. Clayton Creek's Motion to Transfer

Clayton Creek moves under Rule 26(f) for a transfer to the Penitentiary so that he can meet and confer with the other plaintiffs and defendants on discovery matters. Rule 26(f) concerns planning conferences for discovery and confers no power on this court to transfer an incarcerated person from one facility to another. *See* Fed. R. Civ. P. 26(f) (setting out the rules for discovery planning). Moreover, on May 10, 2010, the parties already met and conferred pursuant to Rule 26(f). *See* Docket 68 (containing the parties' Joint Form 52 Report).

"The Supreme Court has made it abundantly clear that a prisoner has no constitutional right to chose [sic] the particular correctional facility he wishes to be housed at or to be transferred to another facility upon request."

*Jordan v. Longley*, No. Civ. 08-4080-RHB, 2008 WL 4691813, at *4 (D.S.D. Oct. 20, 2008) (citing *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Meachum v. Fano*, 427 U.S. 215 (1976)). Only if the prison officials have failed to follow their established procedures for placing an inmate into a specific program will the court review an inmate's placement at a particular institution. *See, e.g.*, *LeMaster v. Hollingsworth*, No. Civ. 11-4019, 2011 WL 3322227, at *3 (D.S.D. Aug. 2, 2011) (reasoning that the Bureau of Prisons cannot automatically deny an inmate's request for a transfer to a Residential Re-entry Center because there are established procedures for considering such a transfer).

Clayton Creek does not argue that defendants failed to follow an established procedure in placing him at his current facility. Even though Clayton Creek appears to have voluntarily agreed to file pleadings in this case on behalf of all plaintiffs, that fact does not alter the court's deference to prison officials in placing inmates at the appropriate institution. Thus, Clayton Creek's motion to transfer is denied.

**IV.  Defendants' Motion to Dismiss Certain Plaintiffs**

Defendants move to dismiss plaintiffs Nephi Antelope, David Deloria, and Shaun Garnette from this action because they are no longer in the custody of the South Dakota Department of Corrections (SDDOC). Antelope is now in federal custody in Indiana and Deloria and Garnette have been discharged from the Penitentiary.

Plaintiffs' complaint seeks injunctive relief, and not monetary damages, to enjoin defendants from continuing to implement the October 2009 policy, which only affects facilities managed by the SDDOC in South Dakota. Docket 71. "It is well-established that 'a prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions.'" *Brown ex rel. Indigenous Inmates at N.D. State Prison v. Schuetzle*, 368 F. Supp. 2d 1009, 1017-18 (D.N.D. May 4, 2005) (quoting *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985)). "Therefore, when a prisoner is transferred he no longer has standing," and his case for injunctive relief regarding prison conditions is moot. *Id.* (citing *Martin*, 780 F.2d at 1337; *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999)). Similarly, if an inmate is discharged, his claim for injunctive relief against that facility is moot. *See, e.g.*, *Cockcroft v. Kirkland*, 548 F. Supp. 2d 767, 778 (N.D. Cal. 2008) ("When an inmate is released from prison or transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot." (citations omitted)).

The claims for injunctive relief by Deloria and Garnette to enjoin defendants from continuing to implement the October 2009 policy are moot because Deloria and Garnette are no longer incarcerated at defendants'

institutions. Antelope's claims for injunctive relief are also moot because he is presently incarcerated at a facility in Indiana and the outcome of this case will have no impact on him. Thus, defendants' motion to dismiss Deloria, Garnette, and Antelope is granted. Accordingly, it is

ORDERED that plaintiff Clayton Creek's motion to consolidate and to appoint counsel for plaintiff NACT (Docket 100) is denied.

IT IS FURTHER ORDERED that plaintiff Clayton Creek's motion to transfer (Docket 97) is denied.

IT IS FURTHER ORDERED that defendants' motion to dismiss plaintiffs Shaun Garnette, Nephi Antelope, and David Deloria (Docket 103) is granted.

Dated September 9, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE