UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| NATIVE AMERICAN COUNCIL OF TRIBES, BLAINE BRINGS PLENTY, and CLAYTON CREEK, | ) ) ) ) ) | CIV. 09-4182-KES |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | ORDER DENYING STAY AND AWARDING ATTORNEY FEES AND SALES TAX |
| DOUGLAS WEBER, Warden of the South Dakota State Penitentiary, DENNIS KAEMINGK, Secretary of the Department of Corrections, | ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiffs, Native American Council of Tribes (NACT), Blaine Brings Plenty, and Clayton Creek, succeeded in a court trial against defendants, Douglas Weber and Dennis Kaemingk, showing that a complete ban of tobacco in Department of Correction (DOC) facilities violates the Religious Land Use and Institutionalized Persons Act (RLUIPA). *Native Am. Council of Tribes v. Weber*, 897 F. Supp. 2d 828 (D.S.D. 2012). Plaintiffs sought injunctive relief in order to use tobacco during their religious ceremonies that take place at penal institutions.[1]

Defendants now request a stay pending appeal pursuant to Federal Rule

---

[1] Defendants' policy banning all tobacco, including tobacco used in Native American ceremonies, in DOC facilities was the precursor to plaintiffs' suit.

of Civil Procedure 62(c) of the court's final judgment and remedial order. Plaintiffs resist this motion. Docket 43. For the following reasons, defendants' motion to stay the preliminary injunction pending appeal is denied.

Plaintiffs also seek an award of attorney fees. Initially they sought a total of $92,972.52 for attorney fees and $5,578.35 for sales tax. Costs were awarded by the Clerk of Courts in the amount of $597.02. Defendants objected to $22,000 of the request. After defendants' objections were filed, plaintiffs stipulated to a reduction of $22,000 from their requested fee award. The court has reviewed the request and finds the hourly rate and the number of hours to be reasonable and awards the full amount of the reduced request—$70,972.52 for attorney fees and $4,378.35 for sales tax.

## DISCUSSION

Whether it is appropriate to suspend injunctive or equitable relief imposed by the district court during the pendency of an appeal is controlled by Federal Rule of Civil Procedure 62(c).[2] The rule " 'codifies the inherent power of courts to make whatever order is deemed necessary to preserve the status quo and to ensure the effectiveness of the eventual judgment.' " *Knutson v. AG Processing, Inc.*, 302 F. Supp. 2d 1023, 1033 (N.D. Iowa 2004)

---

[2] The rule provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c).

(quoting 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2904 (2d ed. 2012)). The court considers the following factors[3] in determining whether to grant a stay pending appeal:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay;

(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

(4) where the public interest lies.

*Brady v. Nat'l Football League*, 779 F. Supp. 2d 1043, 1045-46 (D. Minn. 2011) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987))).

A stay intrudes upon the ordinary process of judicial review and administration and is not routinely done as a matter of right even if the moving party might sustain irreparable harm. *Nken*, 556 U.S. at 427 (citations omitted). Because stays are matters of judicial discretion, the moving party "bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 434 (citations omitted). "Because the burden of meeting this standard is a heavy one, more commonly stay requests will not meet this

---

[3] These are the same or similar four factors used to determine whether a preliminary injunction is appropriate under the analysis outlined in *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).

standard and will be denied." *Brady*, 779 F. Supp. 2d at 1046 (quoting 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2904 at 503-05 (2d ed. 2012)).

In its amended memorandum opinion and order, the court determined plaintiffs successfully showed they had a likelihood of success on the merits on their RLUIPA claim against defendants in their official capacities because: (1) plaintiffs proved there was a substantial burden on their ability to exercise their religion; (2) defendants could not meet their burden of showing they had a compelling governmental interest in banning all tobacco; and (3) defendants did not show that the tobacco ban was the least restrictive means of furthering a compelling governmental interest. *Native Am. Council of Tribes*, 897 F. Supp. 2d at 848-49, 851, 855.

Defendants claim they have a strong argument favoring their position on appeal because of the deference that is due to prison officials when considering matters of prison administration. *See Cutter v. Wilkinson*, 544 U.S. 709, 722-23, 725 n.13 (2005); *Fowler v. Crawford*, 534 F.3d 931, 939 (8th Cir. 2008). As *Fowler* acknowledged, however, defendants must do more than merely speculate, state exaggerated fears, or express post-hoc rationalizations. *Id.* at 939. This court carefully considered all of defendants' security concerns and other arguments regarding prison administration in its amended order and found against defendants after a trial on the merits. For these reasons,

defendants have failed to make a strong showing that they are likely to succeed on the merits of their claims. *See Nken*, 556 U.S. at 426 (noting that the stay applicant must make " 'a strong showing that he is likely to succeed on the merits' "). Accordingly, this factor weighs against staying the permanent injunction.

The court will analyze the second and third factors together because these factors address both sides of the same issue. The second factor asks "whether the applicant will be irreparably injured absent a stay[,]" and the third factor inquires "whether issuance of the stay will substantially injure the other parties interested in the proceeding[.]" *Hilton*, 481 U.S. at 776.

Defendants argue that the irreparable harm they will suffer is that without a stay, defendants must allow ceremonial tobacco at all DOC institutions. As a result, defendants would have to implement revised policies, which would require effort and expense that may necessitate additional staffing and equipment costs. These resource expenses would not be recouped if they are successful on appeal. As support for their position, defendants cite two district court opinions from North Carolina and Ohio. The Eighth Circuit Court of Appeals has recognized, however, that "economic loss does not, in and of itself, constitute irreparable harm . . . [except] where the loss threatens the very existence of the [appellant]'s business." *Packard Elevator v. I.C.C.,* 782 F.2d 112, 115 (8th Cir. 1986). Furthermore, defendants' alleged harm is

5

speculative. Defendants routinely draft changes to their policies and implement changes without incurring additional costs through use of their existing staff. Because defendants' loss is primarily economic and the economic losses, if any, are speculative, the court finds this factor does not weigh in defendants' favor.

The harm to plaintiffs constitutes irreparable injury because defendants' actions place a substantial burden on plaintiffs' religious exercise. The Supreme Court has recognized that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns,* 427 U.S. 347, 373 (1976). Citing *Elrod*, the Third Circuit Court of Appeals held that "[l]imitations on the free exercise of religion inflict irreparable injury." *Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly,* 309 F.3d 144, 178 (3d Cir. 2002). While the present case was not decided based on a violation of the First Amendment, the court did find a violation of RLUIPA. The Eighth Circuit has recognized that " '[b]y enacting RLUIPA, Congress established a statutory free exercise claim encompassing a higher standard of review than that which applies to constitutional free exercise claims.' " *Gladson v. Iowa Dep't of Corr.*, 551 F.3d 825, 832 (8th Cir. 2009) (quoting *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 987 (8th Cir. 2004)); *see also Van Wyhe v. Reisch*, 581 F.3d 639, 649 (8th Cir. 2009) (reasoning that RLUIPA "explicitly provides for a cause of action to enforce the heightened free exercise

6

right it creates.") (citing 42 U.S.C. § 2000cc-2(b)). Because RLUIPA claims require a higher standard of review than typical free exercise claims and because plaintiffs succeeded on their RLUIPA claim, the court finds that plaintiffs have established irreparable injury. This factor weighs in favor of denying defendants' motion to stay.

The final factor in the court's analysis is the public interest. *Hilton*, 481 U.S. at 776. Defendants claim that the public interest lies in their favor because the public has a strong interest that its prisons run in an orderly fashion. *See Sidebottom v. Schiriro,* 927 F. Supp. 1221, 1226 (E.D. Mo. 1996). Plaintiffs argue that the public interest favors the protection of constitutionally protected rights. *See Tenafly,* 309 F.3d at 178. Both are important public interests. This factor does not favor either plaintiffs or defendants.

The court finds, after balancing all four factors and considering the relative strength of each, that defendants have not carried their burden on this issue. For these reasons, defendants' motion to stay is denied.

## CONCLUSION

Defendants were unable to make a strong showing that they are likely to succeed on the merits of their claim. The court analyzed the same arguments and case law in determining that permanent injunctive relief was appropriate, and nothing has been brought forth that would convince the court to reach a different conclusion now. While defendants can establish a cognizable harm

absent a stay, that harm is not irreparable, and it is not enough to outweigh the harm to plaintiffs if the stay is granted. Accordingly, it is

ORDERED that defendants' motion to stay the permanent injunction pending appeal (Docket 209) is denied.

IT IS FURTHER ORDERED that plaintiffs' motion for attorney fees and sales tax (Docket 203) is granted. Judgment will be entered in favor of plaintiffs and against defendants in the amount of $75,350.87.

Dated July 29, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE