UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| NATIVE AMERICAN COUNCIL OF TRIBES, BLAINE BRINGS PLENTY, and CLAYTON SHELDON CREEK, <br><br>Plaintiffs, <br><br>vs. <br><br>DOUGLAS WEBER, Warden of the South Dakota State Penitentiary; and DENNIS KAEMINGK, Secretary of the Department of Corrections, <br><br>Defendants. | 4:09-CV-04182-KES <br><br>ORDER DENYING MOTIONS TO MODIFY REMEDIAL ORDER, DENYING MOTION FOR PERMANENT INJUNCTION AND HEARING, DENYING MOTION TO REPLACE COUNSEL, AND DENYING MOTIONS TO AMEND |

## INTRODUCTION

Plaintiffs, Native American Council of Tribes (NACT), Blaine Brings Plenty, and Clayton Creek, succeeded in a court trial against defendants, Douglas Weber and Dennis Kaemingk, showing that a complete ban of tobacco in Department of Corrections (DOC) facilities violates the Religious Land Use and Institutionalized Persons Act (RLUIPA). *Native Am. Council of Tribes v. Weber*, 897 F. Supp. 2d 828 (D.S.D. 2012) (*NACT I*).

On January 25, 2013, this court entered a remedial order that afforded inmates who participate in the Native American religion the opportunity to use tobacco during certain religious ceremonies. Docket 196. On appeal, the Eighth Circuit Court of Appeals affirmed the remedial order. *Native Am. Council of Tribes v. Weber*, 750 F.3d 742 (8th Cir. 2014) (*NACT II*). On September 23,

2015, this court amended that order. Docket 248. Creek now moves to modify the order, for a preliminary injunction and hearing, to remove counsel, and to amend the complaint. Docket 270; Docket 273; Docket 275; Docket 276; Docket 279; Docket 280; Docket 281; Docket 282; Docket 284.

**DISCUSSION**

**I.   Motion to Modify Remedial Order**

Creek moves to modify the remedial order to increase the volume of tobacco allowed in the mixtures to five percent tobacco by volume. Docket 270; Docket 271 at 4; Docket 273. Creek argues that the court should increase the permitted volume of tobacco because the Eighth Circuit acknowledged that a mixture that contains one to five percent tobacco would be appropriate for Lakota religious ceremonies and the DOC has not met its "goal of preventing contraband tobacco from entering the prisons [sic] systems." Docket 271 at 6.

The standard for modifying a remedial order is governed by Fed. R. Civ. P. 60(b)(5),[1] 18 U.S.C. § 3626,[2] and the test set out in *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 383 (1992).[3] "[A] party seeking modification of a consent decree bears the burden of establishing that a significant change in circumstances warrants revision of the decree." *Rufo*, 502 U.S. at 383. "A party

---

[1] Fed. R. Civ. P. 60(b)(5) allows a court to relieve a party from a final judgment or order if applying the order prospectively would no longer be equitable.
[2] 18 U.S.C. § 3626 provides that any remedial order must be "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."
[3] In *Rufo*, the Supreme Court considered the standard for addressing consent decrees, but the standard also applies to modifying remedial orders. *Agostini v. Felton*, 521 U.S. 203, 215 (1997).

2

seeking a modification of a consent decree may meet its initial burden by showing either a significant change in either factual conditions or in law." *Id.* at 384.

Creek has failed to show a significant change in facts or law that would satisfy the standard for modifying a remedial order. Creek argues that the order should be modified to allow five percent tobacco by volume in the mixtures used for Native American religious ceremonies because the Eighth Circuit acknowledged in its opinion that one to five percent of tobacco in a mixture is satisfactory for practicing religious ceremonies. Docket 271 at 4. This argument does not meet the *Rufo* standard because it is not a change in fact. When the Eighth Circuit originally upheld the remedial order in *NACT II,* it considered the testimony at trial that one to five percent tobacco was satisfactory to practice the Lakota religion. *NACT II*, 750 F.3d at 752. Thus, there has not been a change in fact since the Eighth Circuit upheld the remedial order.

Creek also argues that the DOC has not upheld its goal of preventing contraband tobacco from entering the prison. Docket 271 at 3 ("[U]nauthorized tobacco continues to enter the South Dakota prison system through visitors, employees, inmates from trustee units, inmates from other facilities, and volunteers."). Creek does not provide any evidence that the DOC is failing to prevent contraband tobacco from entering the prisons. But even if the DOC is struggling to keep contraband tobacco out of the prisons, that does not warrant modifying the order. Defendants originally argued that they had a compelling

3

interest in maintaining security by preventing tobacco from being used for non-religious purposes in the prisons, and the Eighth Circuit found that the remedial order balanced the DOC's interest with the prisoners' religious rights. *NACT II*, 750 F.3d at 750-51. The fact that defendants are still unable to prevent contraband tobacco from entering the prisons is not a significant change in facts because the DOC was unable to prevent contraband from entering the prisons at the time of the order. Thus, Creek's motions to modify the order (Docket 270; Docket 273) are denied.

Creek also attempts to amend the order to add provisions regarding the seven sacred ceremonies and prisoners' access to a sweatlodge. Docket 271 at 5-6. The scope of this case and this remedial order is limited to tobacco use and this case has already been decided on the merits. Thus, any attempts to amend the remedial order must be limited to tobacco use, and the remedial order may only be amended in the event of a substantial change in facts or law. Any new claims alleging that DOC policies are restricting additional religious rights of prisoners, such as the seven sacred ceremonies, access to a sweat lodge, or any other non-tobacco related claims, should be brought in a new complaint and not as an amendment to the remedial order.

## II. Motion for Temporary Restraining Order and Hearing

Creek moves for a temporary restraining order (TRO) under Fed. R. Civ. P. 65(b) until such time as this court can have a hearing to determine if a preliminary injunction is justified. Docket 275; Docket 276. The four factors the court considers in determining whether to grant preliminary injunctive

4

relief are: " '(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.' " *Barrett v. Claycomb*, 705 F.3d 315, 320 (8th Cir. 2013) (quoting *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981)). The Eighth Circuit Court of Appeals has "observed that the 'likelihood of success on the merits is most significant.' " *Id.* (quoting *S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist.*, 696 F.3d 771, 776 (8th Cir. 2012)).

Creek does not precisely identify the relief requested,[4] but to the extent Creek is asking this court to impose a temporary restraining order prohibiting defendants from banning the use of tobacco in Native American religious ceremonies, this request is denied as moot because that exact language is already part of this court's order dated January 25, 2013. Docket 196 at 10. To the extent that Creek is requesting a temporary restraining order prohibiting defendants from restricting the mixture used in Native American ceremonies to one percent tobacco, this request is denied because this court's order specifically permits defendants to restrict the mixtures to one percent tobacco, and Creek does not show a significant change in facts or law to warrant amending the remedial order. Thus, Creek has a low probability of success on the merits. Docket 196 at 3. Creek's motion for a temporary restraining order

---

[4] In his motion, Creek states that "reversing the tobacco ban" would not waste resources and argues that the mixture should be increased to five percent. Docket 277 at 3-4. Thus, it is unclear whether Creek seeks a TRO to prohibit a tobacco ban or to prohibit defendants from restricting the mixture to one percent tobacco.

5

and a hearing (Docket 275; Docket 276) are denied.

**III.    Motion to Remove and Replace Counsel**

Creek moves to remove Pamela R. Bollweg, Sara E. Show, and Ronald A. Parsons as counsel for plaintiff and to appoint new counsel. Docket 279; Docket 280. On September 20, 2011, this court appointed Pamela R. Bollweg, Sara E. Show, and Ronald A. Parsons as counsel for plaintiffs, to serve without compensation except such as they were entitled under 42 U.S.C. § 1988 or from the Fifth Amended Plan for the Attorney Admission Fund. Docket 111. The court has the discretion to appoint counsel to represent indigent civil litigants. *Rayes v. Johnson*, 969 F.2d 700, 702 (8th Cir. 1992) (citing *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985)). The court may also appoint substitute counsel when warranted. *Rayes*, 969 F.2d at 703. But "indigent litigants should not be permitted to 'shop around' for appointed counsel." *Id.* at 702. Whether to permit a substitution of counsel rests within the discretion of the court. *Lewis v. Lane*, 816 F.2d 1165, 1169 (7th Cir. 1987). In analyzing whether a plaintiff needs an attorney, the court looks to several, non-exhaustive factors: the likelihood that the plaintiff and the court will benefit from assistance of counsel; the case's factual complexity; the plaintiff's ability to investigate the facts; the existence of conflicting testimony; and the complexity of the legal issues. *Rayes*, 969 F.2d at 703 (citing to *Lewis*, 816 F.2d at 1169 (citations omitted)).

Here, this court previously made a determination that plaintiffs and the court will benefit from assistance of counsel. Docket 109 at 26. But Clayton

Creek has not made a showing sufficient to support a substitution of counsel. Creek's main objection is that counsel has not filed a motion to amend the remedial order. This court found that there has not been a significant change in law and fact to warrant an amendment. Thus, counsel's decision not to file a motion to amend does not warrant substitution of counsel. Further, NACT cannot be represented pro se[5] and Creek does not identify a replacement attorney in his motion.

## IV. Motion for Certified Question

Creek moves under Fed. R. App. P. 33(a) for a "certified question." Docket 281. Federal Rule of Appellate Procedure 33[6] provides that a court of appeals may "direct the attorneys—and, when appropriate, the parties—to participate in one or more conferences to address any matter that may aid in disposing of the proceedings." Fed. R. App. P. 33. It does not give this court any authority to certify a question to the Court of Appeals. Further, a certified question is permitted under the Rules of the Supreme Court and allows a United States

---

[5] While individuals are able to represent themselves pro se under 28 U.S.C. § 1654, that statute does not apply to corporations. *Carr Enters., Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983).

[6] The Federal Rule of Appellate Procedure 33 states:
> The court may direct the attorneys—and, when appropriate, the parties—to participate in one or more conferences to address any matter that may aid in disposing of the proceedings, including simplifying the issues and discussing settlement. A judge or other person designated by the court may preside over the conference, which may be conducted in person or by telephone. Before a settlement conference, the attorneys must consult with their clients and obtain as much authority as feasible to settle the case. The court may, as a result of the conference, enter an order controlling the course of the proceedings or implementing any settlement agreement.

Fed. R. App. P. 33.

Court of Appeals to certify to the Supreme Court a question of law on which it seeks instruction. Sup. Ct. R. 19.1. It does not allow this court to answer a question of law presented by a party. Thus, Creek's motion (Docket 281) is dismissed.

## V. Motion to Grant Amend Inter Alia

Creek moves to amend his complaint. Docket 282: Docket 284. In this court's June 1, 2010 scheduling order, the parties were given until June 28, 2010, to amend the pleadings. Docket 69 at 2. "[A] motion for leave to amend filed outside the district court's Rule 16(b) scheduling order requires a showing of good cause[.]" *Williams v. TESCO Servs., Inc.*, 719 F.3d 968, 977 (8th Cir. 2013). Creek has not shown good cause. Therefore, his motion to amend is denied. *See Harris v. FedEx Nat'l LTL, Inc.*, 760 F.3d 780, 786 (8th Cir. 2014) ("A district court acts 'within its discretion' in denying a motion to amend which made no attempt to show good cause.") (citations omitted).

Further, this case has been decided on the merits. After a case is decided on the merits, the district court may amend the remedy as it relates to the cause of action that was alleged in the complaint and adjudicated on the merits. Plaintiff may not add new claims to the complaint after there has been a final adjudication. Thus, any claims that Creek moves to add to this complaint should instead be filed as a new complaint. The court would not treat Creek or Brings Plenty as a barred filer for raising new RLUIPA claims.

## CONCLUSION

Based on the above findings, it is ORDERED

8

1. Creek's motion to modify the remedial order (Docket 270) is denied.

2. Creek's motion to modify order (Docket 273) is denied.

3. Creek's motion for a hearing (Docket 275) is denied.

4. Creek's motion for further relief (Docket 276) is denied.

5. Creek's ex parte motion to remove current counsel (Docket 279) is denied.

6. Creek's motion to appoint replacement counsel (Docket 280) is denied.

7. Creek's motion for a certified question regarding modification and amendment (Docket 281) is denied.

8. Creek's motion to amend (Docket 282) is denied without prejudice.

9. Creek's motion to grant amend inter alia (Docket 284) is denied without prejudice.

Dated August 9, 2017.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE